UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES L. DAVIS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RETIREMENT PLAN OF PHIBRO ANIMAL HEALTH CORPORATION AND SUBSIDIARIES AND AFFILIATES, PHIBRO ANIMAL HEALTH CORPORATION, PRINCE AGRI PRODUCTS, INC., THE PRINCE MANUFACTURING COMPANY, and PRINCE MINERAL, INC.,<br><br>Defendants. | Case No. 08-cv-779-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants's Motion to Stay Discovery and District Court Proceedings (Doc. 30). Defendants have filed a Motion to Dismiss this action which is fully briefed and under consideration by this Court. In their Motion to Dismiss, Defendants contend (1) that Plaintiff failed to exhaust his administrative remedies for this ERISA action, (2) that, as a matter of law, Plaintiff claims in Counts I and II cannot be maintained against any Defendant other than Defendant Retirement Plan of Phibro Animal Health Corporation and Subsidiaries and Affiliates, and (3) that Count III fails to state a claim under ERISA. Defendants urge the Court to stay discovery pending adjudication of their Motion to Dismiss in order that they might avoid needless costs should the Court grant their motion in its entirety.

The Court has discretion under Federal Rule of Civil Procedure 26(c) and (d) to limit the scope of discovery. Such limitations can be appropriate when one of the parties raises a

potentially dispositive threshold issue such as a challenge to the plaintiff's standing. *See United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 79-80 (1988). But a motion to stay discovery will not be granted every time a potentially dispositive issue is placed before the court.

Here, Defendants believe that they will prevail on their Motion to Dismiss and, as such, do not wish to be put to the expense of complying with Plaintiff's discovery requests. However, it is far from obvious that Defendants's Motion to Dismiss will be granted, much less that a dismissal would be with prejudice. Furthermore, the requested discovery does not appear to be unduly onerous. Accordingly, the Court declines to exercise its discretion to stay Discovery, and DENIES Defendants's Motion to Stay Discovery and District Court Proceedings (Doc. 30).

**IT IS SO ORDERED.**
**DATED: April 13, 2009**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**