IN THE UNITED STATES DISTRICT COURT DISTRICT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES L. DAVIS, individually and on behalf of all others similarly situated,<br><br>           Plaintiff,<br><br>  vs.<br><br>RETIREMENT PLAN OF PHIBRO ANIMAL HEALTH CORPORATION AND SUBSIDIARIES AND AFFILIATES, PHIBRO ANIMAL HEALTH CORPORATION, PRINCE AGRI PRODUCTS, INC., and PRINCE MINERALS, INC.,<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No.: **3:08-cv-00779-JPG-PMF**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

**FRAZIER, Magistrate Judge:**

Before the Court is Plaintiff's Motion for Additional Discovery (Doc. 53). In Plaintiff's Motion, the following discovery is sought:

(1) the complete administrative record created by the Plan Administrator regarding Plaintiff's claims;
(2) any and all meeting minutes, all documents and/or notes created and maintained by the Plan Administrator and/or any Committee members, correspondence among and between the Committee members and/or the Plan Administrator, and any documents regarding, recording, or detailing any and all votes taken by the Plan Administrator and/or the Committee with respect to Plaintiff's claims;
(3) the benefit calculation used to determine Plaintiff's retirement benefit as of July 1, 1989;
(4) the deposition of Jack C. Bendheim to develop facts relevant to his conflict between his role as related to the July 1, 1989 amendment and subsequent annuitization of Plaintiff's benefit accrued before that date and his role as Chair of the Committee reviewing that decision and its consequences, to develop facts relevant to the inherent conflict that exists given Phibro's dual role as administrator and payor of Plaintiff's and the putative class' benefits, and to determine why the Committee denied Plaintiff's claim for additional benefits when it could not and did not produce his benefit calculation; and
(5) the depositions of Richard G. Johnson and David C. Storbeck to develop facts relevant to the inherent conflict that exists and to determine why the Committee denied Plaintiff's claim for additional benefits when it could not and did not produce his benefit calculation.

1

Plaintiff argues that additional discovery is needed to determine whether a conflict of interest exists between the plan administrator, which is a committee comprised of Phibro company officers and board personnel, and the plan sponsor, which is Phibro, itself. Plaintiff also requests additional discovery to determine how Plaintiff's pre-July 1, 1989 accrued benefit was calculated. For the following reasons, Plaintiff's Motion is **GRANTED**.

I. **Discovery Requested to Help Ascertain Whether the Plan Administrator was Operating Under a Conflict of Interest**

"The Employee Retirement Income Security Act of 1974 (ERISA) permits a person denied benefits under an employee benefit plan to challenge that denial in federal court. Often the entity that administers the plan, such as an employer or an insurance company, both determines whether an employee is eligible for benefits and pays benefits out of its own pocket….[A] reviewing court should consider that conflict as a factor in determining whether the plan administrator has abused its discretion in denying benefits; and that the significance of the factor will depend upon the circumstances of the particular case." *Metropolitan Life Ins. Co. v. Glenn*, 128 S.Ct. 2343, 2346 (2008) (citations omitted).

Defendants argue that when a plan administrator has discretionary authority to make benefits determinations, Courts generally limit discovery to the administrative record. *See Vallone v. CNA Financial Corp.*, 375 F.3d 623, 629 (7th Cir. 2004). Additionally, "discovery is normally disfavored in the ERISA context" and is only available in "exceptional circumstances." *See Semien v. Life Ins. Co. of N. Am.,* 436 F.3d 805, 814 - 815 (7th Cir. 2006). *Semien* allows "limited discovery" where a Plaintiff can (1) "identify a specific conflict of interest or instance of misconduct," and (2) "make a prima facie showing that there is good cause to believe limited discovery will reveal a procedural defect in the plan administrator's determination." *Id.* at 815.

### a. Structural Conflict

In *Glenn*, the Supreme Court held that a plan administrator that both evaluates the benefits claims and pays benefits claims create a structural conflict of interest. *Metropolitan Life Ins. Co. v. Glenn* at 2348.

In the case at hand, three members of the Committee that comprise the plan administrator are officers of Phibro, which is the plan sponsor. As officers of a publically traded company, these individuals owe a fiduciary duty to Phibro and its shareholders. At the same time, as plan administrators, they also owe a fiduciary duty to the plan participants and beneficiaries. The specific conflict of interest at issue is apparent. "[E]very dollar provided in benefits is a dollar spent by…the employer; and every dollar saved…is a dollar in [the employer's] pocket." *Id.* citing *Bruch v. Firestone Tire & Rubber Co.,* 828 F.2d 134, 144 (3rd Cir. 1987). Thus, the three members of the Committee who reviewed Plaintiff's claims were operating under a conflict of interest, and therefore, Plaintiff has successfully met the first *Semien* factor.

### b. *Prima Facie* Showing that Additional Discovery Will Reveal a Procedural Defect

Plaintiff argues that additional discovery will reveal that Plaintiff failed to use a proper pre-1989 benefit formula in calculating Plaintiff's benefits. Although Plaintiff has been provided with a worksheet showing how his post-1989 benefits would be calculated, Plaintiff asserts that to date, he has not been provided with a worksheet or formula showing how his pre-1989 benefits were calculated. Defendants argue that the inability to provide this information does not constitute a procedural defect warranting further discovery.

The Court believes that one could reasonably infer that the inability of Defendants to provide a benefits calculation prior to 1989 raises doubt as to whether the Committee provided

Plaintiff with a full and fair review of his benefits application, and therefore, Plaintiff has successfully met the second *Semien* factor.

For the foregoing reasons, Plaintiff's Motion for Additional Discovery (Doc. 53) is hereby **GRANTED**.

**Dated: May 17, 2010.**

/s/ *Philip M. Frazier*
**HON. PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**