UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES L. DAVIS, *individually and on behalf of all others similarly situated*,<br><br>    Plaintiff,<br><br>    v.<br><br>RETIREMENT PLAN OF PHIBRO ANIMAL HEALTH CORPORATION AND SUBSIDIARIES AND AFFILIATES, PHIBRO ANIMAL HEALTH CORPORATION, PRINCE AGRI PRODUCTS, INC., PRINCE MINERALS, INC., JACK C. BENDHEIM, RICHARD G. JOHNSON, and DAVID C. STORBECK,<br><br>    Defendants. | Case No. 08-cv-779-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the Defendants' Objection (Doc. 98) to Magistrate Judge Philip M. Frazier's Order (Doc. 95) of May 17, 2010, wherein Magistrate Judge Frazier granted Plaintiff Charles Davis' Motion for Discovery (Doc. 53). Plaintiff filed a Response (Doc. 99) in opposition to said objection, to which Defendants filed a Reply (Doc. 100). The following represents the remaining discovery requests at issue:

   (1) the benefit calculation used to determine Davis' retirement benefit as of July 1, 1989;

   (2) the deposition of Defendant Jack Bendheim to develop facts relevant to his conflict between his role as related to the July 1, 1989 amendment and subsequent annuitization of Davis' benefit accrued before that date and his role as Chair of the Committee reviewing that decision and its consequences, to develop facts relevant to the inherent conflict that exists given Defendant Phibro's dual role as administrator and payor of Davis and the putative class' benefits, and to determine why the Committee denied Davis' claim for additional benefits when it could not and did not produce his benefit calculation; and

   (3) the depositions of Defendants Richard Johnson and David Storbeck to develop facts relevant to the inherent conflict that exists and to determine why the Committee denied

Davis' claim for additional benefits when it could not and did not produce his benefit calculation.

A district court reviewing a magistrate judge's decision on non-dispositive issues should only modify or set aside that decision if it is clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A) (2006). Accordingly, the Court will affirm Magistrate Judge Frazier's decision unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. *Id.*

Defendants' primary objection is that Davis does not meet the second part of the ERISA discovery test articulated in *Semien v. Life Insurance Company of North America*, 436 F.3d 805 (7th Cir. 2006).[1]  More precisely, Defendants argue that Davis fails to "make a prima facie showing that there is good cause to believe limited discovery will reveal a procedural defect in the plan administrator's determination." *Id*. at 815.  However, the Court is satisfied that the numerous allegations in the Amended Complaint (Doc. 55), coupled with Defendants' inability to locate Davis' pre-1989 benefit calculation or recreate said calculation, make such a *prima facie* showing.  As Davis rightfully asks, "Without the pre-1989 benefit calculation, and with an inability to recreate such calculation, how could the [benefits] Committee possibly give [Davis'] claim that his benefit was improperly calculated a full and fair review?" (Doc. 99, p. 4).  While Defendants argue that Davis' administrative challenge did not target pre-1989 compensation, the calculation of post-1989 benefits purportedly involved the pre-1989 formula, which, again, went missing.  This potential interplay suggests a procedural defect that warrants the discovery requested.

---

[1] Defendants concede that there is no dispute as to *Semien*'s first prong.

Defendants also take issue with the extent of the discovery sought, especially the depositions of Bendheim, Johnson, and Storbeck. "Discovery is normally disfavored in the ERISA context," *Semien*, 436 F.3d at 814, and depositions are perhaps particularly uncommon. *But see Baxter v. Sun Life Assurance Co. of Can.*, No. 09-cv-3818, 2010 WL 2011633, at *6 (N.D. Ill. May 20, 2010) (permitting deposition in an ERISA action on limited topics, including a structural conflict of interest and the denial of benefits). However, the Court notes that the sought depositions have already been limited in their request; namely, Davis only asks to explore a structural conflict of interest, which Defendants conceded for purposes of this discovery dispute, and for an explanation of the committee's denial in light of the missing calculation. These topics are sufficiently limited and reasonable in their scope. Accordingly, depositions thereon shall be permitted.

Perhaps most importantly, the Court, being fully advised of the premises, does not find Magistrate Judge Frazier's decision falls below the deference afforded him. As such, the Court **AFFIRMS** his ruling and **DENIES** the instant Objection (Doc. 98).

**IT IS SO ORDERED**
**Dated: July 6, 2010**

                                                          s/ J. Phil Gilbert
                                                          **J. PHIL GILBERT**
                                                          **DISTRICT JUDGE**