UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES L. DAVIS and JAMES R. WEEDE, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>RETIREMENT PLAN OF PHIBRO ANIMAL HEALTH CORPORATION AND SUBSIDIARIES AND AFFILIATES, PHIBRO ANIMAL HEALTH CORPORATION, PRINCE AGRI PRODUCTS, INC., PRINCE MINERALS, INC., JACK C. BENDHEIM, RICHARD G. JOHNSON, and DAVID C. STORBECK,<br><br>Defendants. | Case No. 08-cv-779-JPG-PMF |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs' Motion for Hearing (Doc. 127), wherein Plaintiffs request oral argument on their Amended Motion for Class Certification (Doc. 72). Defendants filed a Response (Doc. 128) thereto, which asks the Court to defer ruling on the class certification motion until after ruling on the then-forthcoming summary judgment motions. This matter also comes before the Court on Defendants' Supplemental Motion for Hearing (Doc. 145), wherein Defendants again request that the Court defer ruling on the class certification motion in light of recent decisions by the United States Supreme Court and Seventh Circuit Court of Appeals. Plaintiffs filed a Response (Doc. 146) thereto, maintaining that their class certification motion and the corresponding briefing are ripe for review. Since the filing of the instant motions, the parties have filed lengthy cross-Motions for Summary Judgment (Docs. 136, 138) that will be fully briefed no later than August 29, 2011.

Federal Rule of Civil Procedure 23(c)(1)(A) states that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action."[1] While this directive usually provides for a class certification decision prior to a ruling on the merits, this is not always the case, and the order in which the motions are heard is left to the sound discretion of the trial court. *See Cowen v. Bank United of Tex.*, 70 F.3d 937, 941 (7th Cir. 1995); *Hakim v. Accenture U.S. Pension Plan*, 735 F. Supp. 2d 939, 956 (N.D. Ill. 2010) ("Even before the Rule was amended to provide more flexibility concerning the timing for consideration of class certification issues, the Seventh Circuit had recognized that, in certain circumstances, the better course may be for a court to rule on a pending motion for summary judgment before ruling on a motion for class certification."); *Antonishin v. Keisler*, 627 F. Supp. 2d 872, 878 (N.D. Ill. 2007).

There are many legitimate reasons to justify deferring a certification decision. Fed. R. Civ. P. 23 Notes of Advisory Committee on 2003 Amendments. One common example is that "[t]he party opposing the class may prefer to win dismissal or summary judgment as to the individual plaintiffs without certification and without binding the class that might have been certified." *Id*. This is because "[c]lass actions are expensive to defend. One way to try to knock one off at low cost is to seek summary judgment before the suit is certified as a class action." *Cowen*, 70 F.3d at 941. Another example is "when there is sufficient doubt regarding the likelihood of success on the merits of a plaintiff's claims." *Larson v. Evanston Nw. Healthcare Corp.*, No. 98 C 0005, 1999 WL 518901, at *1 (N.D. Ill. July 19, 1999).

---

[1] Quaere whether the addition of Plaintiff James Weede on January 31, 2011, "reset" this clock in the case at bar.

Here, while the Court intended to decide Plaintiffs' class certification motion prior to reviewing and ruling on the cross-motions for summary judgment, Doc. 143 n.1, the current posture of this case and judicial economy dictate that any such ruling must be deferred until *after* the Court determines the propriety of summary judgment.

The Court thoroughly reviewed and researched the class certification motion and all pertinent filings, however, any corresponding memorandum and order has proven difficult to formulate in light of the many changes that this litigation has undergone since briefing was completed. For instance, Plaintiffs have settled and voluntarily dismissed four of their original six claims (reducing the allegedly certifiable claims in half) and have since filed a Second Amended Complaint (Doc. 114) that is now the operative pleading in this litigation.[2] Notably, a significant portion of the parties' class certification briefing was dedicated to the now-dismissed claims. Also, the number of purported class representatives has doubled in size, as Plaintiff James Weede was added in the now-operative complaint. Defendants maintain that a unique defense and a counterclaim are available against Weede that were not discussed in the class certification briefing.

There have also been significant developments in the relevant legal landscape. The United States Supreme Court recently issued opinions in the seemingly-apposite cases of *CIGNA Corp. v. Amara*, 131 S. Ct. 1866 (2011) and *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011), and the Seventh Circuit Court of Appeals has done the same. *See, e.g., Spano v. The Boeing Co.*, 633 F.3d 574 (7th Cir. 2011). While the Court is obviously capable of analyzing the

---

[2] Also, the now-operative complaint also changed the naming of Count II, which is now Count III.

significance of these cases with respect to the instant matter, the Court does not currently wish to deprive the parties of an opportunity to discuss their relevance or lack thereof.

These developments strongly suggest that Plaintiffs' motion for class certification should be re-briefed or at least deferred until the Court rules on summary judgment. The latter option is especially viable especially when one considers that the cross-motions for summary judgment will be fully briefed in no less than five days. Indeed, Defendants' summary judgment memoranda have cast some doubt on the likelihood of success of the remaining claims in a manner similar to *Larson*, and the Court requires more time to fully explore the arguments therein. Moreover, as argued by Defendants, deferral will avoid any harm to putative class members because any adverse dispositive ruling will not legally bind them.

Being fully advised of the premises and for good cause shown, the Court **RESERVES RULING** on Plaintiffs' Motion for Hearing (Doc. 127) and **GRANTS** Defendants' Supplemental Motion for Hearing (Doc. 145), whereby the Court **STAYS** any decision on the Amended Motion for Class Certification (Doc. 72). More precisely, the Court shall decide a course of action as to the motion to certify *after* it rules on the parties' cross-motions for summary judgment. As a final aside, the Court **RESERVES RULING** on the parties' joint Motion for Hearing (Doc. 144) until it has had an adequate opportunity to review the summary judgment motions.

**IT IS SO ORDERED**
**Dated: August 24, 2011**                                    s/ J. Phil Gilbert
                                                            **J. PHIL GILBERT**
                                                            **DISTRICT JUDGE**